# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN HABIBI, | CASE NO. 11-cv-00823-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| V. JOSEPH, et al., | |
| | (Doc. 1) |
| Defendants. | |
| | THIRTY-DAY DEADLINE |
| _____/ | |

## First Screening Order

### I.   Screening Requirement and Standard

Plaintiff Bryan Habibi, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 20, 2011.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's

1

allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v.</u> <u>Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

## II.    Plaintiff's Eighth Amendment Medical Claim

### A.    Summary of Allegations

Plaintiff, who is incarcerated at Wasco State Prison, brings this suit against V. Joseph, a registered nurse, and the C-Yard Medical Clinic for violating his rights under the Eighth Amendment of the United States Constitution.  Plaintiff seeks damages and medical care.

Plaintiff's claim arises from an incident on April 16, 2011, in which his shoe flew off his foot while he was playing basketball and he landed hard on his bare foot, injuring his knee.  Plaintiff was evaluated by M. Fernandez, a nurse, on April 17, 2011, and told he would be called to see a doctor. Plaintiff was not seen and he continued to submit requests for medical care due to pain.  Plaintiff was next seen on April 28, 2011, by Defendant Joseph, who refused to discuss Plaintiff's pain and threatened to write him up.  Plaintiff subsequently saw Defendant Joseph two more times, with similar results.

### B.    Legal Standard

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v.</u>

1   <u>Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each

2   defendant personally participated in the deprivation of his rights.  <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Simmons</u>

3   <u>v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588

4   F.3d 1218, 1235 (9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934.

5        To maintain an Eighth Amendment claim based on medical care in prison, Plaintiff must

6   show deliberate indifference to his serious medical needs.  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th

7   Cir. 2006) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks

8   omitted).  The two-part test for deliberate indifference requires Plaintiff to show (1) a serious

9   medical need by demonstrating that failure to treat a prisoner's condition could result in further

10  significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response

11  to the need was deliberately indifferent.  <u>Jett</u>, 439 F.3d at 1096 (quotation marks and citation

12  omitted).

13       A mere difference of opinion between Plaintiff and prison medical authorities regarding

14  treatment does not give rise to a section 1983 claim.  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th

15  Cir. 1981) (quotation marks omitted).  Rather, Plaintiff must show that the course of treatment

16  chosen was medically unacceptable under the circumstances and was chosen in conscious disregard

17  of an excessive risk to his health.  <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986) (quotation

18  marks omitted).  Further, where, as here, the issue is one of delay in receiving medical treatment, the

19  delay must have led to further harm in order for Plaintiff to make a claim of deliberate indifference

20  to serious medical needs.  <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994); <u>McGuckin v. Smith</u>,

21  974 F.2d 1050, 1060 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104

22  F.3d 1133, 1136 (9th Cir. 1997) (en banc).

23      **C.**   <u>**Discussion**</u>

24       First, the C-Yard Medical Clinic is not a proper defendant.  The State of California and its

25  agencies are entitled to Eleventh Amendment immunity from suit.  <u>Wolfson v. Brammer</u>, 616 F.3d

26  1045, 1065-66 (9th Cir. 2010).  Thus, Wasco State Prison, including its departments, is immune

27  from suit.  <u>Id.</u>

28  ///

1    Next, Plaintiff's allegations and exhibits do not support his claim that Defendant Joseph was

2    deliberately indifferent to his medical needs.  To the contrary, Plaintiff's exhibits, to which he cites,

3    show that his complaint of a knee injury was evaluated on several occasions.  Although Plaintiff

4    disagrees with the conclusion of medical staff that his need to see a physician was routine, that is not

5    enough to support an Eighth Amendment claim.  Plaintiff has not alleged any further injury resulted

6    due to a delay in treatment, but even assuming Defendant Joseph was incorrect in determining that

7    Plaintiff's need for medical care was only routine and some further injury did result from this error,

8    an error in judgment, without more, does not support a constitutional claim.  Hearns v. Terhune, 413

9    F.3d 1036, 1040 (9th Cir. 2005) (mere negligence is not deliberate indifference).  Estelle v. Gamble,

10   429 U.S. 97, 106, 97 S.Ct. 285  (1977); McGuckin, 974 F.2d at 1059; O'Loughlin v. Doe, 920 F.2d

11   614, 617 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

12   In sum, Plaintiff's allegations and exhibits do not support his claim that Defendant Joseph

13   knowingly disregarded an excessive risk of harm to his health.  Therefore, Plaintiff fails to state a

14   claim under the Eighth Amendment.

15   **III.   Conclusion and Order**

16   Plaintiff's complaint fails to state a claim under section 1983.  The Court will provide

17   Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure

18   the deficiency identified above.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v.

19   Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

20   adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th

21   Cir. 2007) (no "buckshot" complaints).

22   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

23   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

24   U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

25   [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555

26   (citations omitted).

27   Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

28   F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

"complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   March 28, 2012**                    _____/s/ Sheila K. Oberto_____
                                                UNITED STATES MAGISTRATE JUDGE